Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 275 | **DATE** | 4/25/2000 |
| **CASE TITLE** | Nona Farrar vs. Glantz, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached order, Becker's Motion to Dismiss [doc. no. 16] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 10 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 19 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NONA FARRAR )
)
       Plaintiff, )
)
vs. ) Case No. 00 C 275
) HONORABLE CHARLES R. NORGLE
)
LAURENCE GLANTZ, )
LEONARD BECKER, and )
AURELIA PUCINSKI, CLERK of the )
CIRCUIT COURT )
)
       Defendants. )
)

**OPINION and ORDER**

CHARLES R. NORGLE, Sr., District Judge:

Before the court is Defendant Becker's Motion to Dismiss. For the following reasons, the motion is granted.

## I. BACKGROUND

Plaintiff Nona Farrar ("Farrar"), filed an amended pro se complaint against Defendants Laurence Glantz ("Glantz"), Leonard Becker ("Becker"), and Aurelia Pucinski, Clerk of the Circuit Court in this court. Becker, representing himself pro se, now moves to dismiss Farrar's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

---

[1] According to Farrar, she has yet to receive a waiver of service of summons from Glantz. Assuming that Glantz has not been served by the date of this Opinion, Farrar should not ignore this Opinion with respect to proceeding against Glantz. On April 7, 2000, this court granted Pucinski's motion to dismiss. (See Order of April 7, 2000.) Farrar has sought to amend her complaint, which currently is subject to briefing. This opinion only concerns Becker's Motion to Dismiss.

Becker and Glantz are attorneys that filed a small claims collection matter in state court against Farrar seeking to recover $295.00 that she owed to their dentist client for a root canal. Pucinski, as Clerk of the Court, maintains the computerized record keeping system that erroneously indicated that Farrar was served with notice of the small claims action. The attorneys and the state court judge relied on the Clerk's computerized records to determine that Farrar received service.

When Farrar failed to appear at the state court hearing, the judge entered a default judgment in favor of the dentist and against her in the amount of $295.00 plus costs. Subsequently, Glantz filed an affidavit for a wage deduction order. Farrar first became aware of the suit when her employer informed her that it received a wage garnishment. At that point, Farrar filed a motion in state court claiming that she never received service of notice of the suit. The state court vacated the judgment and no wages were withheld. Farrar subsequently acknowledged and paid the $295.00 root canal debt to the dentist. However, Farrar, believing her Fourteenth Amendment rights were violated filed the instant suit.

Pursuant to 42 U.S.C. § 1983, Farrar alleges that Becker deprived her of her Fourteenth Amendment due process rights when the state court entered a judgment against her even though she never received service. Farrar faults Becker for failing to look at the actual summons to determine whether she received service, and claims that he and the other defendants caused a judgment to be placed on her credit. As a result, Farrar claims that: (1) she was denied an apartment due, in part, to the judgment on her credit; (2) she was inconvenienced because she had to spend time typing up a motion, talking on the phone, and going to court for this matter; and (3) she was denied credit, in part, due to the judgment on her credit report.

2

Becker moves to dismiss the complaint arguing that Farrar fails to state a claim upon which relief can be granted because she fails to plead a deprivation of property. In response, Farrar specifically limits her claim to a deprivation of an unidentified liberty interest.

## II. DISCUSSION

A. Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), the court deems all well-pleaded factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. See Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 502 (7th Cir. 1998). The court merely looks at the sufficiency of the complaint, See Autry v. Northwest Prem. Services, Inc., 144 F.3d 1037, 1039 (7th Cir. 1998); it does not decide whether the plaintiff has a winning claim. See Herdich v. Pegram, M.D., 154 F.3d 362, 369 (7th Cir. 1998). Moreover, a plaintiff need not plead facts to substantiate her claims; she need only include a "'short and plain statement of the claims showing that the pleader is entitled to relief.'" International Mktg. v. Archer-Daniels-Midland, 192 F.3d 724, 733 (7th Cir. 1999) (quoting Fed. R. Civ. P. 8(a)). Given these minimal standards, "[a] complaint may not be dismissed unless 'it is impossible to prevail under any set of facts that could be proved consistent with the allegations.'" Moriarty v. Lewis Funeral Directors, Ltd., 150 F.3d 773, 777 (7th Cir. 1998) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)); see also Marshall-Mosby v. Corporate Receiv., Inc., 205 F.3d 323, 326 (7th Cir. 2000) ("Dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief."). The court "must look to see whether there is any possible interpretation of the complaint under which it can state a claim." Martinez v. Hooper, 148 F.3d 856, 858 (7th Cir. 1998). At the pleading stage, "the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint . . .

3

Matching facts against legal elements comes later." Sanjuan v. American Bd. of Psychiatric and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (citation omitted). Cf. Hemenway v. Peabody Coal Co., 159 F.3d 255, 261 (7th Cir. 1998) (contrasting notice pleading with heightened pleading required for fraud claims).

That said, "[l]itigants . . . may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail." Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998); see also Soo Line R.R. Co. v. St. Louis S.W. Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997) (A "plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts."). Additionally, "[a] plaintiff may plead [herself] out of court by attaching documents to the complaint that indicate . . . she is not entitled to judgment." Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp., 179 F.3d 523, 529 (7th Cir. 1999). The court is "'not obliged to ignore any facts set forth in the complaint or its attached exhibits, see Fed. R. Civ. P. 10(c), that undermine the plaintiff's claim.'" Hamilton v. O'Leary, 976 F.2d 341, 343 (7th Cir. 1992) (quoting R.J.R. Services, Inc. v. Aetna Casualty & Surety Co., 895 F.2d 279, 281 (7th Cir. 1989)). "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." Soo Line R.R. Co., 125 F.3d at 483.

B. 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: "(1) the defendant(s) deprived [her] of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of state law. Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 150

(1970)), cert. denied, 525 U.S. 930 (1998). As a general matter, private parties do not act under color of state law, but they may be subject to § 1983 liability in certain circumstances. See White v. Cooper, 55 F. Supp. 2d 848, 859 (N.D. Ill. 1999) (citing Tomkins v. Tinely Park, 566 F. Supp. 70, 74 (N.D. Ill. 1983)); see also Greco v. Guss, 775 F.2d 161 (7th Cir. 1985) (noting that generally, the private use of state sanctioned remedies will not rise to the level of state action.). In order for an individual to act under color of law, there must be evidence that the private individual conspired with the state actor to violate plaintiff's federal rights. See Fries, 146 F. 3d at 457.

Farrar fails to allege a conspiracy with respect to Becker, a private attorney, who utilized the state court system to obtain a judgment against her. Rather, Farrar alleges that Becker "ineptly" relied on the Clerk's computer records to determine whether she received service instead of looking at the actual hard copy of the summons. Because Becker is a private party, and Farrar fails to allege a conspiracy, she fails to state a claim upon which relief can be granted. Additionally, mere negligent conduct is inadequate to establish liability under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986) (concluding that mere negligence does not constitute a § 1983 cause of action); see also Archie v. City of Racine, 847 F.2d 1211 (7th Cir. 1988) (en banc) (recognizing that mere negligent State conduct cannot support a deprivation under the Due Process Clause).

Moreover, Farrar has yet to adumbrate a cognizable liberty interest violation under 42 U.S.C. § 1983, where a private attorney representing a dentist in a civil small claims court obtained a $295.00 judgment, later vacated by the court, and the $295.00 debt was acknowledged and paid, with no further action by the attorney or his client. She, at most, alleges inconvenience and aggravation

over the efforts she made to correct the judgment entered against her without proper service. As a result, Farrar's complaint fails to state a claim upon which relief can be granted.

Even if Farrar successfully alleges deprivation of a liberty interest under 42 U.S.C. § 1983, based on her own complaint and its attachments, she received the process that was due to her. "The core of due process is the right to notice and a meaningful opportunity to be heard." LaChance v. Erickson, 522 U.S. 262, 266 (1998) (citing Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 542 (1985)). While the state court entered a default judgment against Farrar in error, the state court corrected the error, and granted her relief from that judgment. Farrar fails to identify what additional process is due to her. Relief in this court is certainly not an option. Farrar has plead herself out of court.

### III. CONCLUSION

For the reasons stated above, the court grant's Becker's Motion to Dismiss.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, SR. Judge
United States District Court

DATED: 4-25-2008