Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 275 | **DATE** | 5/9/2000 |
| **CASE TITLE** | Nona Farrar vs. Glantz, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached order, the motion to dismiss filed by Aurelia Pucinski, Clerk of the Circuit Court is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAY 10 200 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NONA FARRAR )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>LAURENCE GLANTZ, )<br>LEONARD BECKER, and )<br>AURELIA PUCINSKI, CLERK of the )<br>CIRCUIT COURT )<br>)<br>Defendants. )<br>) | Case No. 00 C 275<br>HONORABLE CHARLES R. NORGLE |

**OPINION and ORDER**

CHARLES R. NORGLE, Sr., District Judge:

Before the court is the motion to dismiss filed by Defendant Clerk of the Circuit Court, Aurelia Pucinski. For the following reasons, the motion is granted.

### I. BACKGROUND

Plaintiff Nona Farrar ("Farrar"), filed an amended pro se complaint against Defendants Laurence Glantz ("Glantz"), Leonard Becker ("Becker"), and Aurelia Pucinski, Clerk of the Circuit Court ("Pucinski") in this court alleging violation of her Fourteenth Amendment procedural due process rights. Becker[1] and Glantz are attorneys that filed a small claims collection matter in state court against Farrar seeking to recover $295.00 that she owed to their dentist client for a root canal. Pucinski maintains the computerized record keeping system that erroneously indicated that Farrar was

---

[1] Becker filed a motion to dismiss plaintiff's complaint, which this court granted on April 25, 2000. (See Order of April 25, 2000).

served with notice of the small claims action. The attorneys and the state court judge relied on Pucinski's computerized records to determine that Farrar received service.

When Farrar failed to appear at the state court hearing, the judge entered a default judgment against her in the amount of $295.00 plus costs. Subsequently, Farrar became aware of the suit when her employer informed her that it received a wage garnishment. At that point, Farrar filed a motion in state court claiming that she never received service of notice of the suit. The state court vacated the judgment and no wages were withheld. Farrar subsequently acknowledged and paid the $295.00 root canal debt to the dentist. However, Farrar, believing her Fourteenth Amendment rights were violated, filed the instant suit.

Pucinski moved to dismiss Farrar's complaint. On April 7, 2000, this court granted Pucinski's motion to dismiss. (See Order of April 7, 2000.) Subsequent to dismissal, Farrar sought to amend her complaint to clarify that she intended to name Pucinski in her individual capacity as well as her official capacity.[2] Pucinski moves to dismiss Farrar's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pursuant to 42 U.S.C. § 1983, Farrar alleges that Pucinski, in an individual capacity as well as in an official capacity, deprived her of her Fourteenth Amendment due process rights when the state court entered judgment against her in the absence of service. Farrar faults Pucinski for "failing to implement a system to triple check things properly that are put in the system by individuals," and claims that she and the other defendants caused a judgment to be placed on her credit. (See Plaintiff's Complaint at 4.) As a result, Farrar claims that: (1) she was denied an apartment due, in part, to the

---

[2] In a separate Order dated May 9, 2000, this court denied Farrar's motion to amend her complaint. (See Order of May 9, 2000)

2

judgment on her credit; (2) she was inconvenienced because she had to spend time typing up a motion, talking on the phone, and going to court for this matter; and (3) she was denied credit, in part, due to the judgment on her credit report. All of this allegedly caused Farrar to suffer: (1) damage to her reputation; (2) a violation of her constitutional rights; (3) emotional distress and humiliation; and (4) pain and suffering. Farrar seeks to recover $25,000 in compensatory damages and $75,000 in punitive damages against each Defendant.

Pucinski moves to dismiss the complaint arguing that: (1) Farrar fails to state a claim upon which relief can be granted against Pucinski in her individual capacity; (2) Farrar fails to state a claim upon which relief can be granted against Pucinski in her official capacity; and (3)Farrar's suit against Pucinski is barred by the Eleventh Amendment. In response, Farrar claims that she should be allowed to amend her complaint because: (1) she will be able to allege that the Defendants' acted under color of state law; (2) the individuals above Pucinski knew of the problem, facilitated it, condoned it, approved it or turned a blind eye; and (3) Pucinski is not entitled to Eleventh Amendment immunity because her salary is paid from the county budget.

## II. DISCUSSION

A. Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6), the court deems all well-pleaded factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. See Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 502 (7th Cir. 1998). The court merely looks at the sufficiency of the complaint, See Autry v. Northwest Prem. Services, Inc., 144 F.3d 1037, 1039 (7th Cir. 1998); it does not decide whether the plaintiff has a winning claim. See Herdrich v. Pegram, M.D., 154 F.3d 362, 369 (7th Cir. 1998). Moreover, a plaintiff need not plead facts to substantiate

her claims; she need only include a "'short and plain statement of the claims showing that the pleader is entitled to relief.'" International Mktg. v. Archer-Daniels-Midland, 192 F.3d 724, 733 (7th Cir. 1999) (quoting Fed. R. Civ. P. 8(a)). Given these minimal standards, "[a] complaint may not be dismissed unless 'it is impossible to prevail under any set of facts that could be proved consistent with the allegations.'" Moriarty v. Lewis Funeral Directors, Ltd., 150 F.3d 773, 777 (7th Cir. 1998) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)); see also Marshall-Mosby v. Corporate Receiv., Inc., 205 F.3d 323, 326 (7th Cir. 2000) ("Dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief."). The court "must look to see whether there is any possible interpretation of the complaint under which it can state a claim." Martinez v. Hooper, 148 F.3d 856, 858 (7th Cir. 1998). At the pleading stage, "the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint . . . . Matching facts against legal elements comes later." Sanjuan v. American Bd. of Psychiatric and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (citation omitted). Cf. Hemenway v. Peabody Coal Co., 159 F.3d 255, 261 (7th Cir. 1998) (contrasting notice pleading with heightened pleading required for fraud claims).

That said, "[l]itigants . . . may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail." Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998); see also Soo Line R.R. Co. v. St. Louis S.W. Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997) ("plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts."). Additionally, "[a] plaintiff may plead [herself] out of court by attaching documents to the complaint that indicate . . . she is not entitled to judgment." Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp., 179 F.3d 523, 529 (7th Cir. 1999). The court is

4

"'not obliged to ignore any facts set forth in the complaint or its attached exhibits, see Fed. R. Civ. P. 10(c), that undermine the plaintiff's claim.'" Hamilton v. O'Leary, 976 F.2d 341, 343 (7th Cir. 1992) (quoting R.J.R. Services, Inc. v. Aetna Casualty & Surety Co., 895 F.2d 279, 281 (7th Cir. 1989)). "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." Soo Line R.R. Co., 125 F.3d at 483.

B. Eleventh Amendment Immunity

To the extent Farrar sues Pucinski for damages in her official capacity, the suit is against the state government. See Kentucky v. Graham, 473 U.S. 159, 165, 166-69 (1985) (noting that suits against state officials in their official capacity are in essence actions against the state entity by which the officials are employed); see also Burmeister v. Stone, 751 F. Supp. 759, 760 (N.D. Ill. 1990), aff'd, Warren v. Stone, 958 F.2d 1419 (7th Cir.1992). "[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver by the state or a congressional override." Scott v. O'Grady, 975 F.2d 366, 369 (7th Cir. 1992) (citing Graham, 473 U.S. at 169 and Kroll v. Bd of Trustees of the Univ. of Ill., 934 F.2d 904, 907-08 (7th Cir. 1991)). Because the Clerk of the Court is a member of the state government and not the local government, Eleventh Amendment immunity is triggered. See Curry v. Pucinski, No. 93 C 5923, 1994 WL 494700, at * 1 (N.D. Ill. Sept. 6, 1994) (dismissing official capacity suit filed against Clerk of Court because Clerk of Court is entitled to Eleventh Amendment immunity) (citing Drury v. County of McLean, 433 N.E.2d 666, 668-69 (Ill. 1982) and comparing Warren v. Stone, 958 F.2d at 1422)); cf. Osteen v. Henley, 13 F.3d 221, 223 (7th Cir. 1993) (noting that official

capacity suit against state university official is suit against state, which is barred by Eleventh Amendment).

Farrar contends that because Pucinski's salary is paid from the county budget she is not entitled to immunity under the Eleventh Amendment. On the contrary, "the fact that counties pay the salaries and expenses of circuit court clerks does not make the office of circuit court clerk a county office." Drury, 433 N.E.2d at 669 (holding that clerks of court are members of state government, not local government). Thus, Pucinski is immune from suit in her official capacity and her motion to dismiss Farrar's complaint with respect to the suit against her in her official capacity is granted.

C. 42 U.S.C. § 1983

1. Official Capacity

Even if Pucinski is not immune from suit pursuant to the Eleventh Amendment, she is not liable in her official capacity under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: "(1) the defendant(s) deprived [her] of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of state law." Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)). A governmental employee is not liable in her official capacity in a § 1983 suit unless the plaintiff suffers injuries of a constitutional magnitude resulting from an official custom, policy or practice. See Monell v. Dep't of Social Serv. of the City of New York, 436 U.S. 658, 691 (1978). A plaintiff can establish an official capacity suit in which a person's rights were violated due to its policy if she can show: "(1) an express policy that, when enforced, causes a constitutional deprivation, (2) a widespread practice that, although not authorized by written law or express municipal policy, is "so permanent and well settled as to constitute a

'custom or usage' with the force of law," or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." Baxter v. Vigo County School Corp., 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted).

Because an action against an individual in her official capacity is merely another form of a claim against the government entity itself, liability extends to a defendant in her official capacity only if it would also extend to the governmental entity. See Wolf-Lillie v. Sonquist, 699 F.2d 864, 870 (7th Cir.1983). Thus, a showing of an unconstitutional municipal policy or custom is also a necessary requirement for establishing liability against an individual defendant in her official capacity. Rascon v. Hardiman, 803 F.2d 269, 273-74 (7th Cir.1986). As Pucinski correctly points out, Farrar fails to allege a "pattern of behavior" that tends to show that the Clerk's office had a policy or custom of noting in its computer system that service was effected when, in fact, it had not been accomplished.

Moreover, Farrar fails to identify what constitutional right Pucinski, acting in her official capacity, deprived her of, where a $295.00 small claims judgment obtained against her was later vacated by the court, and where she subsequently acknowledged and paid the debt. She, at most, alleges inconvenience and aggravation over the efforts she made to correct the judgment entered against her without proper service. As a result, Farrar's complaint based solely on § 1983 fails to state a claim upon which relief can be granted. Thus, Pucinski's motion to dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. Individual Capacity

In order for an individual to be liable in a § 1983 claim, the individual must cause or participate in the alleged constitutional deprivation. See Jenkins v. Keating, 147 F.3d 577, 583 (7th Cir. 1998) (citing Wolf-Lillie, 699 F.2d at 869). Demonstrating mere negligence on the part of a state

7

official is insufficient to violate a plaintiff's due process rights under § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (holding that a negligent act by an official that causes an unintended loss of or injury to life, liberty or property does not implicate the Due Process Clause); see also Archie v. City of Racine, 847 F.2d 1211 (7th Cir. 1988) (en banc) (holding that even gross negligent state conduct fails to support a deprivation under the Due Process Clause). Accordingly, a plaintiff must show that the official "knowingly, willfully, or at least recklessly caused the alleged deprivation by h[er] action." Rascon, 803 F.2d at 274. Thus, in order to successfully recover damages under § 1983, a plaintiff must show defendant's "direct responsibility for the improper action." See id. at 273.

Farrar does not allege that Pucinski, herself, entered the incorrect information into the computer system regarding the accomplishment of service. She does not allege that Pucinski directed or consented to the entering of incorrect information. Finally, Farrar does not allege that Pucinski acted with reckless disregard, rather, she describes Pucinski's conduct as "inept." Whether Pucinski is inept or whether her staff simply made a typing error, Farrar's allegation fails to state a claim under § 1983 against Pucinski in her individual capacity.

Additionally, as stated above, Farrar fails to identify a constitutional right that Pucinski, in her individual or official capacity, deprived her of under § 1983, when the state court erroneously entered a default judgment against her and later vacated it. Based on her own complaint and its attachments, she received the process that was due to her when the state court heard her motion, corrected the error, and granted her relief from that judgment. "The core of due process is the right to notice and a meaningful opportunity to be heard." LaChance v. Erickson, 522 U.S. 262, 266 (1998) (citing Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 542 (1985)). Farrar fails to identify what

additional process is due to her. Relief in this court is certainly not an option. Farrar has plead herself out of court.

### III. CONCLUSION

For the reasons stated above, the court grants Pucinski's motion to dismiss.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, SR. Judge
United States District Court

DATED: 5-9-2000